## Stone vs. Knowlton.

A contract in the alternative to transport *fifteen* or *twenty* tons of marble from one place to another must be stated in the declaration according to the terms of it. If stated as an absolute contract for the transportation of *twenty* tons, and not fifteen or twenty tons, the variance will be fatal.

So, to allege a consideration for the promise in *addition* to the true consideration moving thereto not supported by the proof, will be cause of nonsuit.

This was an action of assumpsit, tried at the Cayuga circuit in January, 1829, before the Hon. Daniel Mosely, one of the circuit judges.

The plaintiff declared for that whereas the defendant on, &c. at, &c. in consideration that he (the plaintiff) would pay to the defendant a certain sum of money, to wit, the sum of $35, and at the special instance and request of the defendant agreed to pay the defendant at a certain rate, to wit, at the rate of three dollars per ton, and such canal toll as should be charged to, and paid by the defendant, for and on account of the transportation of the marble hereinafter mentioned, when the marble hereinafter mentioned should be delivered at Weedsport, in the county of Cayuga, he, the said defendant, undertook and agreed with the plaintiff that he would carry and transport a certain quantity, to wit, *twenty* tons of marble of the said plaintiff from Fort Ann, in the county of Washington, to Weedsport, in the county of Cayuga, and to deliver the same at Weedsport aforesaid. Then followed an averment of the payment of $35, the breach of the contract, and common conclusion.

The contract proved on the trial was, that the defendant agreed to transport *fifteen* or *twenty* tons of marble for the plaintiff from Fort Ann, in Washington county, to Weedsport, in the county of Cayuga; and that the plaintiff agreed to pay

the canal toll chargeable on the marble, and three dollars per ton; the plaintiff to pay $35 down towards the toll, the defendant to keep an account of the toll, and if the $35 was not enough to pay the toll, the plaintiff to pay the defendant the balance, and if more than enough, the defendant to refund the surplus.

The defendant's counsel moved that the plaintiff be non-suited for variances between the contract as proved and as set forth in the declaration. The motion for a nonsuit was denied. The plaintiff then gave evidence as to the damages sustained by him, and the jury found a verdict for the plaintiff for $250 ; which was now moved to be set aside.

*M. T. Reynolds*, for the defendant.

*J. T. B. Van Vechten*, for the plaintiff.

*By the Court*, MARCY, J. The motion for a nonsuit, I think, was improperly overruled. It seems to be well settled that where the contract is in the alternative, and not so set out in the declaration, the variance is material. In the case of *Penny* v. *Porter*, (2 East, 2,) where the contract for the delivery of one hundred bags of wheat, *forty* or *fifty* to be delivered at a particular time, at the option of the defendant, and the defendant afterwards elected to deliver *forty*, was declared on as a contract for the absolute delivery of forty bags, the variance was held to be fatal. The case of *Tate* v. *Whellings*, (3 T. R. 531,) is also an authority to show that this variance is material.

Another variance insisted on by the defendant is still more substantial and manifest. The declaration states that in consideration of thirty five dollars to be paid by the plaintiff, and the agreement of the plaintiff to pay the defendant three dollars per ton, and such canal toll as should be charged to the defendant, the defendant agreed to transport twenty tons of marble from Fort Ann to Weedsport. The agreement proved was to transport twenty tons for thee dollars per ton and the tolls, and that the thirty five dollars should be advanced toward the tolls. From the declaration it appears that the thirty five dollars were paid as a part consideration

ALBANY,
October, 1829.

for the service to be performed, and beyond the tolls and three dollars per ton; whereas by the proof it is shewn that the thirty five dollars were only an advance towards the toll.

Motion for a new trial granted.